FILED

08/17/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 1, 2017 Session

IN RE DAVID P. ET AL.

Appeal from the Juvenile Court for Claiborne County
No. 2013-JV-1255      Robert M. Estep, Judge

No. E2017-00245-COA-R3-PT

This is an appeal from an order terminating the parental rights of the appellant to his minor children. The only Notice of Appeal filed by the appellant within the time provided in Rule 4(a) of the Tennessee Rules of Appellate Procedure for the filing of a notice of appeal, did not comply with Tennessee Code Annotated section 36-1-124(d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Because this Notice of Appeal was insufficient to invoke the jurisdiction of this Court, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J., CHARLES D. SUSANO, JR., AND JOHN W. MCCLARTY, JJ.

Neal W. Stanifer, Tazewell, Tennessee, for the appellant.

Herbert Slatery III, Attorney General and Reporter, and Ellison M. Berryhill, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Misty Kennedy, Tazewell, Tennessee, Guardian Ad Litem.

1

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, and based upon the jurisdictional argument raised by the appellee in the responsive brief, this Court reviewed the record for this appeal after briefing was complete to determine whether we had subject matter jurisdiction to hear this matter. This Court had just decided *In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, *3-4 (Tenn. Ct. App. July 11, 2017), in which it was made clear that an appellant's failure to sign the notice of appeal in a termination of parental rights appeal in accordance with Tennessee Code Annotated section 36-1-124(d) deprives this Court of jurisdiction. *See also In re Mya V.*, No. M2016-02401-COA-R3-PT, 2017 WL 3209181, *3 (Tenn. Ct. App. July 28, 2017). Based upon the decision in *In re Gabrielle W.*, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Counsel for the appellant argues in his response that he promptly "cured" the defect in the Notice of Appeal, when alerted to it at the outset of this appeal, by filing an Amended Notice of Appeal in compliance with the statute. However, in the event the Court determines that the Amended Notice of Appeal did not remedy the defect in the initial Notice of Appeal, counsel asserts that this Court has the discretion to waive the defect in the initial Notice of Appeal in order to allow this appeal to proceed. Counsel's arguments are not well-taken.

The order terminating the appellant's parental rights to his minor children was entered on January 5, 2017. We point out that the order included the following language in that portion of it which notified the appellant of his appeal rights:

> Pursuant to T.C.A. §36-1-124(d) Effective July 1, 2016, a Notice of Appeal must be signed by the Appellant.

(Underlining in original.) The initial Notice of Appeal was filed by counsel for the appellant on February 2, 2017, without the appellant's signature despite notice of the statutory requirement having been given in the order on appeal. Upon being promptly notified by this Court of the statutory defect in the Notice of Appeal, counsel for the

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

appellant filed an Amended Notice of Appeal on February 9, 2017, which was signed by the appellant.

In *In re Catherine J.*, No. W2017-00491-COA-R3-PT, 2017-3141825, *2-4 (Tenn. Ct. App. July 24, 2017), this Court held that any attempt to correct an appellant's failure to sign the notice of appeal in a termination of parental rights appeal in accordance with the statute must occur during the thirty-day time limit for filing a notice of appeal in order for the jurisdictional defect to be cured. In other words, "an untimely filed amended notice of appeal in compliance with [the statute] is not sufficient to confer jurisdiction on this Court." *Id.* at *3. As such, we reject counsel's argument that he "cured" the jurisdictional defect in his initial Notice of Appeal when he filed the untimely Amended Notice of Appeal.

We also reject counsel's assertion that we have the authority to waive the statutory defect in the initial Notice of Appeal pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure. Rule 2 states that this Court may "suspend the requirements or provisions **of any of these rules** in a particular case on motion of a party or on its own motion, "[f]or good cause, including the interest of expediting decision upon any matter." Tenn. R. App. P. 2 (emphasis added). The signature requirement set forth in Tennessee Code Annotated section 36-1-124(d) is not a requirement or provision of the Tennessee Rules of Appellate Procedure. As such, Rule 2 does not provide us with the authority to waive the statutory defect in the initial Notice of Appeal. *Cf. Muse v. Jolley*, No. E2014-02462-COA- T10B-CV, 2015 WL 303366, * 2 (Tenn. Ct. App. Jan. 23, 2015) (rejecting request to waive the untimely filing of a petition for recusal appeal, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, on grounds that the "[t]he time for filing a petition for recusal appeal is not a requirement or provision of any rule of appellate procedure," but instead "is a requirement of Rule 10B of the Rules of the Supreme Court of Tennessee, which we cannot waive pursuant to Rule 2 of the Rules of Appellate Procedure"). To the extent counsel relies on this Court's decision in *In re La'trianna W.*, No. E2016-01379-COA-R3-PT, 2016 WL 7241474, * 5 (Tenn. Ct. App. Dec. 15, 2016), in support of his apparent request for waiver of the statutory signature requirement, we note that in *In re La'trianna W.* this Court merely waived the content requirements of Rule 3(f) of the Tennessee Rules of Appellate Procedure with regard to a timely filed notice of appeal, which is entirely permitted by Rule 2.

Because neither the initial Notice of Appeal nor the Amended Notice of Appeal in this case was sufficient to invoke this Court's jurisdiction within the time provided in Rule 4(a) of the Tennessee Rules of Appellate Procedure, we lack jurisdiction to consider this

appeal.[2] This case is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.


**PER CURIAM**

---

[2]Effective July 1, 2017, Rule 4(a) was amended to require that notices of appeal be filed with the appellate court clerk rather than the trial court clerk. The amendment has no impact on the outcome of this case as the thirty-day time limit for filing a notice of appeal pursuant to the rule was not changed.